UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT ALLEN**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 17-3701**

**ST. TAMMANY PARISH**                              **SECTION: "H"(3)**
**SHERIFF'S DEPARTMENT, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff, Robert Allen, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983. He sued the St. Tammany Parish Sheriff's Office, the St. Tammany Parish Jail, the St. Tammany Parish Board of Supervisors, and St. Tammany Parish Sheriff Randy Smith. In this lawsuit, plaintiff challenges the food service at the St. Tammany Parish Jail.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

As noted, plaintiff filed this action pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983. Therefore, the United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) *that he has been deprived of a right secured by the Constitution and the laws of the United States*, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added; quotation marks omitted). Here, plaintiff's claims are not based on a right secured by federal law.

In this lawsuit, plaintiff states his claim as follows:

> "Each defendant" is "responsible" for the overseeing of inmates food -- Dept of Justice & ACA regulations require inmate's food to be served hot at 134°, and cold foods at 46°. "All food" trays are to be enclosed in a food cart, not opened and wrapped with saran wrap. On a "daily basis" inmates food sits in the hallway for 1 – 1 ½ hours, and food is cold when inmates get it.[3]

However, it is clear that such reliance "on correctional standards issued by various groups is misplaced. … [W]hile the recommendations of these various groups may be instructive in certain

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[3] Rec. Doc. 1, p. 4.

cases, they simply do not establish the constitutional minima; rather, they establish goals recommended by the organization in question." Bell v. Wolfish, 441 U.S. 520, 543 n.27 (1979). Moreover, "[a]n assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim." McFaul v. Valenzuela, 684 F.3d 564, 579 (5th Cir. 2012).

Simply put: plaintiff's allegations, even if true, do not rise to the level of a constitutional violation. See, e.g., Logan v. Black, No. 92-7328, 1993 WL 14454, at *1 (5th Cir. Jan. 21, 1993) ("The Constitution only requires that prisoners be served food that provides adequate nutrition. Therefore, Appellant's claim that his food is sometimes served cold, is not a violation of his constitutional rights, and as such does not state a cognizable claim under 28 U.S.C. 1983." (citation omitted)); Billizone v. Jefferson Parish Correctional Center, Civ. Action No. 14-1263, 2015 WL 1897683, at *5 (E.D. La. Apr. 27, 2015) ("[P]laintiff's complaints about the condition of the food trays and the food temperature are, without more, insufficient to state a cognizable claim."); McGarrah v. Kimbrow, No. 3:14-CV-2088, 2015 WL 105228, at *5 (N.D. Tex. Jan. 6, 2015) ("[T]he fact that food was served cold or at improper temperatures does not rise to a constitutional deprivation."); Gabriel v. Gusman, Civ. Action No. 10-1688, 2010 WL 3169840, at *6 (E.D. La. July 16, 2010) ("[W]ithout an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension."), adopted, 2010 WL 3175045 (E.D. La. Aug. 10, 2010); Wilkerson v. Champagne, Civ. Action No. 03-1754, 2003 WL 22872106, at *2 (E.D. La. Nov. 28, 2003) ("The fact that food is not served at the temperature plaintiff would prefer does not amount to an injury of constitutional magnitude.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of May, 2017.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**